JONES, Justice:
Default judgment was rendered in this case by the Circuit Court of Oktibbeha Cpunty; and, on a writ of inquiry heard by the judge, appellee was awarded a judgment of $10,000, less $1,000 paid in settlement by one co-defendant. Appellant, prior to the adjournment of court, filed a motion asking that the default judgment be set aside; and from an order overruling the motion, the case comes here. We affirm the case as to liability, but remand for a new trial on the writ of inquiry and question of damages only.
Appellee sued Mrs. Jean C. Lindsey and Ralph G. Hewlett Construction Company for personal injuries alleged to have been received as a result of the concurrent negligence of both of said defendants.
Prior to a hearing of the case, appellee settled with Mrs. Jean C. Lindsey for the sum of $1,000.
The declaration was filed September 15, 1966, and summons was issued for the corporation to appear and defend the cause on October 17, 1966. Said process was duly served upon the president of the corporation on September 16, 1966. The corporation failed to appear, and appellee filed a motion asking for a default judgment against the corporation. On October 19, 1966, default judgment was entered and a writ of inquiry was directed to be issued.
On October 21, 1966, a hearing was had on the writ of inquiry, and thereafter judgment was rendered October 21, 1966, on the writ awarding damages against the construction company for the sum of $9,000. The court found that the appellee was damaged in the amount of $10,000, the amount sued for, and reduced said amount by the sum of $1,000 paid in settlement by the co-defendant. On October 29, 1966, at the *280 same term of court, appellant filed a motion asking- that the said default judgment be set aside and leave granted to answer. This motion alleged that the declaration was originally filed September 15, 1966, that process was served September 16, 1966, thirty-one days prior to October 17, that the appellant had overlooked the time involved, and that he had wholly failed to employ an attorney or notify his insurance company of the pending lawsuit. Further, he might become personally liable if this judgment is allowed to stand. It was set out that the defendant believed that he had a good and meritorious defense if allowed an opportunity to defend. It was also charged that the injuries of the plaintiff were insufficient to sustain the judgment of $9,000 against the defendant. To this motion was attached a certificate of the attorney that same was true and correct to the best of his information and belief. It had no affidavit attached, and no testimony on the motion appears in the record. On the same day, October 29, 1966, the court, after hearing the argument of counsel and reading the motion, overruled the motion. An appeal was taken here.
The assignments of error are that the lower court erred in overruling the motion to set aside the default judgment, that the lower court was in error in awarding a $10,000, less $1,000, judgment on the evidence submitted, and that such judgment is excessive.
The last sentence of section 1547 Mississippi Code 1942 Annotated (1956) provides:
And after a writ of inquiry shall be executed, and judgment rendered thereon by the court, the same shall not be set aside unless good cause be shown therefor on oath; and in such case the defendant shall plead immediately, and the plaintiff shall not thereby be delayed of his trial.
As heretofore stated, the motion herein was not sworn to, nor did it state good cause for the failure to appear.
It was asserted, however, by the motion that the judgment entered was excessive, and this was also assigned as error.
The only evidence introduced on the writ of inquiry was the testimony of the appellee herself. No doctor testified, and no other person stated the extent of her injuries.
Treating this motion as a motion for a new trial, we sustain it on the question of damages alone. We affirm as to liability and remand the case for hearing on the question of damages alone. Having carefully considered the evidence introduced upon the writ of inquiry, we have concluded that it is wholly insufficient to sustain such a verdict, and for that reason, we are sustaining the motion.
The case is remanded for the purpose of ascertaining the amount of damages to be awarded under said writ of inquiry. The appellant shall plead immediately, and the case should be heard on the issue of damages alone as soon as practical.
Affirmed as to liability and reversed and remanded on the question of damages alone.
ETHRIDGE, C. J., and BRADY, INZER and ROBERTSON, JJ., concur.